**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**THIBODEAUX BILLODEAUX ET AL**     **CASE NO. 2:20-CV-00110**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**ETHICON INC ET AL**               **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Partial Summary Judgment" (Rec. 20) wherein Defendants, Ethicon, Inc.,[1] and Johnson & Johnson (collectively referred to as "Ethicon") move to dismiss with prejudice the following claims pursuant to Federal Rule of Civil Procedure 56: (1) negligence,[2] (2) strict liability – Manufacturing defect,[3] (3) strict liability – failure to warn,[4] (4) strict liability – defective product,[5] (5) common law fraud,[6] (6) fraudulent concealment,[7] (7) constructive fraud,[8] (8) negligent misrepresentation,[9] (9) negligent infliction of emotional distress,[10] (10) breach of express warranty,[11] (11) breach of implied warranty,[12] (12)violation of Consumer Protection Laws,[13] (12) gross negligence,[14] and (13) unjust enrichment.[15]

---

[1] Defendant, Ethicon LLC, was voluntarily dismissed on June 28, 2018 and/or on January 8, 2020. Recs. 15 and 28.
[2] Count I.
[3] Count II.
[4] Count III.
[5] Count IV.
[6] Count VI.
[7] Count VII.
[8] Count VIII.
[9] Count IX.
[10] Count X.
[11] Count XI.
[12] Count XII.
[13] Count XIII.
[14] Count IV.
[15] Count XV.

**FACTUAL STATEMENT**

Plaintiff, Dana Thibodeaux-Billodeaux, underwent surgery on May 10, 2011, where she received the Prolift and TOT Anterior sling to relieve stress urinary incontinence.[16] Plaintiff's surgery was performed in Louisiana and all medical treatment related to her alleged injuries occurred in Louisiana.[17] Plaintiff filed suit on January 13, 2014, asserting numerous causes of action.[18]

**SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

---

[16] Short Form Compl. ¶¶ 1, 2, 8, 9, 10, 11, and 12. Defendant's exhibit A, Plaintiffs' Fact Sheet, § II(1), Rec. 20-1.
[17] Id. § II(6)(f).
[18] Short Form Compl., Rec. 1.

2

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Mrs. Thibodeaux-Billodeaux's surgery and alleged injuries occurred in the state of Louisiana; Ethicon has not opposed Plaintiffs' position that Louisiana law applies. Accordingly, Louisiana's substantive law applies to this case. See *Blankenship v. Boston Sci. Corp. (In re Boston Scientific Corp.)* 2015 WL 1246560, at *2 (S.D. W. Va. Mar. 18, 2015). The parties further agree that Plaintiffs' claims and theories of recovery (negligence claims,[19] negligent misrepresentation, [20] negligent infliction of emotional distress,[21] and gross negligence claim[22]) are subsumed by the Louisiana Product Liability Act ("LPLA"); Plaintiffs advise that they will pursue their theories of recovery under the LPLA.[23]

---

[19] Count I.
[20] Count IX.
[21] Count X.
[22] Count XIV.
[23] La.R.S. 9:2800.51.

3

Ethicon moves to dismiss Plaintiffs' claims for strict liability—manufacturing defect,[24] because Plaintiffs have failed to submit any evidence indicating what the manufacturer's standards were, or that the product deviated from those standards. Ethicon also moves to dismiss Plaintiffs' claims of strict liability – failure to warn,[25] because Plaintiffs cannot meet their burden to show that a different warning would have altered the decision to implant the Prolift and TOT anterior Sling. See *Higgins v. Ethicon, Inc.,* 2017 WL 2813144, at *3 (S.D. W. Va. Mar. 30, 2017)) (granting summary judgment as to failure to warn because "plaintiffs have failed to present any testimonial or other evidence that [the doctor] would not have used or prescribed the TVT-S . . . . had he received a different warning); *Contreras v. Boston Sci. Corp.,* 2016 WL 1436682, at *4 (S.D. W. Va. Apr. 11, 2016) ("plaintiffs have not provided any citations to the record showing that . . . , the implanting physician, would have taken a different course of action even if she had been given an adequate warning").

Plaintiffs remark that they will not be pursuing the counts listed in Ethicon's Motion for Partial Summary Judgment (Counts II, III, IV, VI, VII, VIII, XI, XII, XIII, and XV). Plaintiffs asks the Court to deny as moot the motion to dismiss these claims.[26] Plaintiffs

---

[24] Count II.
[25] Count III.
[26] Count II, Strict Liability-Manufacturing Defect
　Count III, Strict Liability – Failure to Warn
　Count IV, Strict Liability – Defective Product
　Count VI, Common Law Fraud
　Count VII, Fraudulent Concealment
　Count VIII, Constructive Fraud
　Count XI, Breach of Express Warranty
　Count XII, Breach of Implied Warranty
　Count XIII, Violation of Consumer Protection Laws
　Count XV, Unjust Enrichment

4

inform the Court that it will be pursuing its claims for strict liability – design defect,[27] punitive damages,[28] and discovery rule and tolling (Counts V, XVII, and XVIII).[29]

The LPLA contains an exclusive remedy provision limiting a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA. Louisiana Revised Statute 9:2800.51. *Fernandez v. Tamko Bldg. Products, Inc.,* 2 F.Supp.3d 854 (M.D. La. 2014).

## **CONCLUSION**

Because the LPLA provided the exclusive remedies against a manufacturer of an allegedly defective product, the Court will grant Ethicon's motion for summary judgment and dismiss all claims asserted in this lawsuit that are not under the Louisiana Products Liability Act, as well as Count II, Strict Liability—manufacturing defect, and Count III, strict liability – failure to warn.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of February, 2020.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**

---

[27] Count V.
[28] Count XVII.
[29] Count XVIII.